**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION<br><br>Plaintiff,<br><br>v.<br>WARM SPRINGS RESERVE OWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; ALESSI & KOENIG, LLC<br><br>Defendants. | Case No.: 2:16-cv-00844-RFB-BNW<br><br>**ORDER** |
| SFR INVESTMENTS POOL 1, LLC<br>Counter Claimant<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION<br><br>Counter Defendant | |

## I.  INTRODUCTION

Before the Court are Plaintiff U.S. Bank's Motion for Summary Judgment ("U.S. Bank") and Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Summary Judgment. ECF Nos. 57, 65. For the following reasons, the Court grants U.S. Bank's motion and denies SFR's motion.

## II.  PROCEDURAL BACKGROUND

US Bank filed its complaint on April 14, 2016. ECF No. 1. In the complaint U.S. Bank asserted the following causes of action: 1) quiet title/declaratory relief that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish its deed of trust or in the alternative that the foreclosure sale was void against all Defendants; 2) breach of NRS 116.1113 against

Defendant Warm Springs Reserve Owners Association ("Warm Springs") and Defendant Alessi & Koenig, LLC ("Alessi"); 3) wrongful foreclosure against Warm Springs and Alessi; and 4) injunctive relief against SFR. Warm Springs moved to dismiss the complaint on May 9, 2016. ECF No. 8. On September 13, 2016, the Court administratively stayed the case and denied all pending motions without prejudice pending the mandate issued in <u>Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.</u>, 832 F.3d 1154 (9th Cir. 2016), <u>cert denied</u> 137 S. Ct. 2296 (2017). On January 2, 2019, the Court lifted the stay. ECF No. 32. On January 22, 2019, Warm Springs filed a motion to dismiss and a motion for summary judgment. ECF Nos. 33, 34. Both motions were fully briefed. ECF Nos. 35–37,40. On March 25, 2019, SFR answered and asserted crossclaims against cross-claimant John Foley and counterclaims against U.S. Bank for quiet title and a preliminary and permanent injunction enjoining U.S. Bank from any sale or transfer that would affect title to the property. ECF No. 42. U.S. Bank answered the counterclaim on April 15, 2019. ECF No. 46. On June 12, 2019 a hearing was held on the motion to dismiss and motion for summary judgment. ECF No. 53. The Court granted Warm Springs' summary judgment on claims one and two based on the applicable statute of limitations and denied the motion to dismiss as moot. <u>Id</u>. The Court also dismissed claim four and counterclaim two. <u>Id</u>. Finally, the Court ordered U.S. Bank to file any dispositive motion by June 19, 2019 so that the issue of tender could be fully briefed. <u>Id</u>. U.S. Bank filed a motion for summary judgment on June 19, 2019. ECF No. 57. The motion was fully briefed. ECF Nos. 59, 66,69. On July 8, 2019, SFR also moved for summary judgment. ECF No. 65. This motion was fully briefed. ECF Nos. 68, 71. The Court had previously scheduled a motion hearing for these motions on August 15, 2019. ECF No. 63. However, the hearing was vacated and this written order now follows. ECF No. 74.

**III.   FACTUAL BACKGROUND**

The Court finds the following facts to be undisputed and disputed.

    **a.   Undisputed Facts**

John C. Foley purchased real property located at 2039 Waverly Circle, Henderson, Nevada 89104 in December 2005 ("the property"). Foley financed ownership of the property by way of a loan in the amount of $227,700.00 as evidenced by a note and secured by a deed of trust (the senior deed of trust) recorded on May 14, 2007. The property was subject to the covenants, conditions and restrictions (CC&Rs) of the Warm Springs Reserve Owners Association ("HOA"). The deed of trust was later assigned to U.S. Bank via an assignment of deed of trust.

Foley fell behind on HOA dues. Subsequently the HOA, through its agent Alessi & Koenig, LLC, recorded a lien for delinquent assessments on March 31, 2011. On May 19, 2011 the HOA through its agent recorded a notice of default and election to sell pursuant to the lien for delinquent assessment.

In June 2011, Miles Bauer Bergstrom & Winters ("Miles Bauer") on behalf of then-loan servicer and nonparty Bank of America ("BANA") sent a letter to Alessi & Koenig requesting the amount of the superpriority portion of the lien. The HOA, through Alessi & Koenig, responded to the Miles Bauer letter with a ledger dated July 7, 2011 showing quarterly assessments of $87.00. The ledger listed no charges for maintenance and nuisance abatement. Based on the ledger, BANA calculated the superpriority to be $261, the sum of nine-months of assessments and sent that amount to Alessi on July 22, 2011. The HOA, through Alessi, rejected the check.

On or about July 25, 2012, the HOA foreclosed on the property. A foreclosure deed was recorded on August 3, 2012 reflecting that SFR had purchased the property for $7,300.00.

**b. Undisputed Facts**

The Court finds there to be no material undisputed facts.

**IV. LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

### a. Statute of Limitations

SFR argues that U.S. Bank's claims are time-barred. For statute of limitations calculations, the clock begins on the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). A cause of action accrues "when a suit may be maintained thereon." Id. In this case, the foreclosure sale was on or about July 25, 2012. The Court thus finds that all of U.S. Bank's claims began to run on the date of the foreclosure sale as these claims all stem from issues or disputes regarding the sale and its effect. U.S. Bank filed its complaint on April 14, 2016.

SFR argues that U.S. Bank's claims are time-barred pursuant to the statute of limitations under NRS 11.190(3), which provides a three-year statute of limitations for actions founded upon a statute. Nev. Rev. Stat. § 11.190(3). The Court agrees that U.S. Bank's claims are time-barred by NRS 11.190(3), but only to the extent that U.S. Bank's claims relate to a right protected by NRS 116.3116 and the violation of that

- 4 -

right. Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F.Supp.3d 1289, 1293 (D. Nev. 2019).

SFR argues that the Court should find that equitable remedies should have the same limitations as legal remedies. SFR cites the case Levald, Inc. v. City of Palm Desert, to support its argument that "if a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern." 998 F.2d 680, 688 (9th Cir. 1993) (internal citations omitted). The Court rejects this argument. Banks in HOA cases will typically assert both breach of NRS 116.3116 claims and equitable claims. These claims are not coextensive because it is possible for a bank to win on an equitable claim on the basis of tender, even if the Court ultimately finds that the HOA sale itself did not violate NRS Chapter 116. See, e.g., Deutsche Bank Nat'l Tr. Co. v. Edward Kiely Tr., No. 2:17-cv-01759-RFB-PAL, 2019 WL 1442183, *1 (D. Nev. Mar. 31, 2019) (finding that the HOA did not violate NRS Chapter 116 in holding foreclosure sale but also finding genuine issues of material fact as to whether tender operated to preserve the deed of trust). In light of this, the Court declines to reconsider its position on this issue.

b. **Tender**

Having addressed the limitations question, the Court now turns to U.S. Banks' equitable claims that are not time-barred, specifically the equitable issue of tender. U.S. Bank argues that tender by its predecessor-in-interest Bank of America redeemed the deed of the trust. The Court agrees.

The super-priority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). Pursuant to NRS 116.31162, a homeowner has at least 90 days following notice to pay the HOA's super-

priority lien before an HOA may proceed to foreclosure sale. See NRS 116.31162; <u>SFR Investments Pool 1</u>, 334 P.3d at 411.

In this case, the delivery of tender is supported by an affidavit of Douglas E. Miles, an employee of Miles, Bauer, Bergstrom and Winters, LLP ("Miles Bauer") letters allegedly sent from Miles Bauer employee Rock Jung to Alessi & Koenig, LLC, and a copy of the check. The affidavit also attaches includes business records from the HOA's agent listing the payoff amount and entries from a Miles Bauer internal database showing that the proffered check was rejected. The Ninth Circuit has already held that business records a party receives from others may be admissible under Rule 803(6) of the Federal Rules of Evidence when those records are kept in the regular course of business, relied upon by that business, and the business has a substantial interest in the accuracy of the records." <u>MrT Cons. Inc. v. Hardrive, Inc,</u> 158 F.3d 478, 483 (9th Cir. 1998). The Court agrees with U.S. Bank that the Miles Bauer affidavit fulfills those requirements; and that the evidence is sufficient to find that tender preserved the deed of trust. <u>Bank of Am., N.A. v. SFR Investments Pool 1, LLC ("Diamond Spur")</u>, 427 P.3d 113, 116–18 (Nev. 2018). The Court also finds that SFR has done no more than raise metaphysical doubt as to whether or not the check was actually delivered to Alessi & Koenig, LLC.

Next, SFR argues that the letter accompanying the check contained impermissible conditions. The Court previously addressed this argument concerning a substantively identical letter in the case <u>Bank of New York Mellon v. Willow Creek Community Ass'n</u>. No. 2:16-cv-00717-RFB-BNW, 2019 WL 4677009, at * 5 (D. Nev. Sept. 25, 2019). The Court incorporates by reference its holding in that case and does not find that the letter is impermissibly conditional.

Because the Court finds the question of tender dispositive, the Court declines to consider U.S. Bank's remaining equitable arguments and dismisses all remaining claims and counterclaims in this action.

. . .

**VI. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff U.S. Bank, National Association's Motion for Summary Judgment (ECF No. 57) is GRANTED as to tender. The Court declares that Defendant SFR Investments Pool 1, LLC acquired the property subject to the first deed of trust. The Clerk of the Court is instructed to enter judgment in favor of Plaintiff on its quiet title /declaratory judgment claim.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 65) is DENIED.

**IT IS FURTHER ORDERED** that all remaining claims and counterclaims in this action are dismissed.

**IT IS FURTHER ORDERED** that the lis pendens in this case (ECF Nos. 3, 44) are expunged.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: March 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT COURT JUDGE**