1
2
3
4                        UNITED STATES DISTRICT COURT
5                             DISTRICT OF NEVADA
6                                    * * *

7   U.S. BANK, NATIONAL ASSOCIATION          Case No.:  2:16-cv-00844-RFB-BNW

8                     Plaintiff,             **ORDER**

9            v.

10  WARM   SPRINGS   RESERVE   OWNERS
    ASSOCIATION;  SFR  INVESTMENTS  POOL
11  1, LLC; ALESSI & KOENIG, LLC

12                              Defendants.
13  SFR INVESTMENTS POOL 1, LLC
                    Counter Claimant
14
             v.
15
16  U.S. BANK, NATIONAL ASSOCIATION

17                  Counter Defendant

## I.      INTRODUCTION

Before the Court are Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Reconsideration and Motion for Default Judgment. ECF Nos. 85, 90. For the following reasons, the Court grants these motions.

## II.      PROCEDURAL BACKGROUND

US Bank filed its complaint on April 14, 2016.  ECF No. 1. On March 25, 2019, SFR answered and asserted crossclaims against cross-claimant John Foley and counterclaims against U.S. Bank for quiet title and a preliminary and permanent injunction enjoining U.S. Bank from any sale or transfer that would affect title to the property. ECF No. 42. John Foley was served summons and the SFR's Answer on March 27, 2019 but n ever answered the crossclaims. ECF No. 45. U.S. Bank filed a motion for summary judgment on June 19, 2019. ECF No. 57. The

motion was fully briefed. ECF Nos. 59,66,69. On July 8, 2019, SFR also moved for summary judgment. ECF No. 65. This motion was fully briefed. ECF Nos. 68, 71. SFR filed a motion for Clerk's Entry of Default on March 25, 2020 and it was entered on March 26, 2020. ECF Nos. 81,82. On March 31, 2020, this Court granted U.S Bank's motion for partial summary as to tender, denied SFR's motion for summary judgment, and dismissed all other claims and counterclaims. ECF No. 31. On April 3, 2020, SFR filed a motion for default judgment against Cross-Defendant, John Foley. ECF No. 85. SFR filed a Motion for Partial Reconsideration on April 28, 2020. ECF No. 90.

### III.  LEGAL STANDARD

#### a.  Motion for Reconsideration

 "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

#### b.  Default Judgment

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ.

P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. <u>Eitel</u>, 782 F.2d at 1471–72. If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. <u>DirecTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. <u>Id</u>.

## IV.    DISCUSSION

### a.    Motion for Reconsideration

SFR argues that this Court should not have dismissed all remaining claims, including SFR's crossclaims against Foley for quite title and injunctive relief, its March 31, 2020. This Court agrees. Although this Court found that the Deed of Trust survived the foreclosure sale and SFR acquired the property subject to the Deed of Trust, it erroneously dismissed all the crossclaims against the original homeowner, John Foley. Therefore, this Court grants SFR's motion for partial reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.

### b.    Motion for Default Judgment

In considering the seven <u>Eitel</u> factors, the Court finds default judgment against John Foley is warranted. The first and sixth factors favor granting default judgment because the Cross-Defendants failed to defend—or appear at all in this matter—since being served with the summons and the amended complaint.  Foley's failure to appear for the past four years prejudices SFR by preventing it from determining injunctive relief against Foley. Further, Foley's failure to appear

for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Foleys' failure to appear prevents the Court from determining the crossclaims on its merits. The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against Foley. There are sufficient exhibits attached to this instant motion demonstrating Plaintiff is entitled to the relief requested. Thus, Defendant SFR has demonstrated its claims are meritorious.

Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the Eitel factors favor the grant of default judgment against Cross-Defendants.

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Partial Reconsideration (ECF No. 90) and Motion for Default Judgment (ECF No. 85) are GRANTED.

DATED: November 2, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT